USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/26/2019

# LITA ROSARIO, PLLC

**MEMORANDUM ENDORSED**

December 23, 2019

Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Blackman v. Sony/ATV Music Publishing, LLC, 19-cv-07119 (GHW)

Dear Judge Woods:

I am Counsel for Plaintiff Damon Blackman in the above-referenced matter. Plaintiff by and through counsel, respectfully requests Service of Process by Alternative Method for Defendant Rasheed "Ralo" Harrison (herein "Defendant Harrison"). Plaintiff has made diligent and varied efforts to locate Defendant Harrison to effect service of process upon Defendant Harrison. Plaintiff has sent a process server to Defendant Harrison's last known business address where service was unsuccessful. ***See Exhibit A***. Plaintiff has also hired a private investigator to locate Mr. Harrison at a private residence and at a work address; but, to no avail. Plaintiff has also asked counsel for Mr. Harrison in another action that is pending before the SDNY (*Goodfella4Life Ent. LLC, d/b/a RGF Productions v. Justin Pope, o/k/a "P-Dice,"et al* 17-CV-05098 (AKH0) to accept or waive service of process; but. has not received a response as of the date and time of filing this letter motion**.** (Plaintiff has however located an email address and Instagram account for Defendant Harrison). There is no doubt that Defendant Harrison is aware of this case, as he has specifically addressed allegations made in this case on social media. ***See Exhibit B***. Accordingly, Plaintiff respectfully requests that this Court permit service on Defendant Harrison by electronic mail and through social media or by some other such alternative means as the Court deems appropriate.

Pursuant to Federal Rules of Civil Procedure 4(e)(1) process of service may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Accordingly, in this case Plaintiff may accomplish service in accordance with New Jersey's law regarding service of process as Defendant Harrison is a New Jersey resident. Under New York law, if service is impracticable service may be made in a manner the courts directs. See N.Y. C.P.L.R. § 308(5) (2012).

Plaintiff's different attempts to serve Defendant Harrison, a New Jersey resident, as described above by traditional measures including personal service by process server have been impracticable; however, such service is impracticable in this case and this Court may exercise its discretion to permit any alternative method of service that is appropriate in this particular case.

Courts have approved a variety of services methods including service by email *Philip Morris USA Inc.,* No. 2007 WL 725412. (S.D.N.Y., March 12, 2007) and through social media *K.A. v. J.L.*, 450 N.J. Super. 247, 254-255 (Ch. Div. 2016). Courts have balanced several factors is determining whether the service method is proper including " (1) plaintiffs need; (2) public interest; (3) reasonableness of the plaintiff's efforts to inform the defendant and (4) availability of the other safeguards for the defendant's interests." *K.A.*, 450 N.J. Super. at 255 (citing *Dobkin v. Chapman*, 21 N.Y.2d 490, 503 (1968)). Plaintiff used all reasonable means authorized by law to serve Defendant Harrison with no success. Serving Defendant Harrison through his email, Instagram and Facebook account is assurance that service will be effective.

Plaintiff respectfully request that alternative service in this case be comprised of

1. E-mailing the Summons and Complaint to:
   Rasheed "Ralo" Harrison at wonderboymusic1@gmail.com

2. Messaging the Summons and Complaint via Instagram to:
   Rasheed "Ralo Harrison at @ralowonder

Service by e-mail and social media satisfies the requirements of due process in this case. See *K.A.*, 450 N.J. Super. at 255 (citing *Dobkin*, 21 N.Y.2d 490, 503 (1968)). Serving process on Defendant Harrison by using his email address and Instagram account is very likely to reach Defendant Harrison because Defendant frequently posts on his social media and lists his email as a contact method.

Furthermore, any concerns regarding adequate notice are unwarranted as Defendant has indicated via social media that he is aware of this pending case. ***See Exhibit B.***

Based on the foregoing, Plaintiff respectfully request that his Court permit alternative methods of service on Defendant Harrison by email and social media.

Respectfully submitted,

*Lita Rosario*

Lita Rosario, Esq.

Application denied without prejudice. This letter does not provide sufficient information for the Court to grant the requested relief. This letter motion provides inadequate factual basis for the Court to evaluate the application. The Court cannot grant a request such as this based on conclusory, unsworn statements by counsel without supporting factual detail. To the extent that counsel seeks to renew this motion or to make another motion to the Court, she is directed to review and comply with the Court's Local Rules, in particular L.R. 7.1, which requires that a party provide supporting affidavits and exhibits "containing any factual information . . . necessary for decision of the motion."

SO ORDERED.

Dated: December 26, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge